Kirkpatrick C. J.
dissented. In this case, the plaintiff at the return of the process, filed a copy of his account, amounting to 126 dollars, 49 cents, and the defendant his set off for 96 dollars, 58 cents. Upon the trial, the defendant admitted the plaintiff’s account to be just, but did not establish his own, or anjr part of it. Upon this, the justice gave judgment for the plaintiff, for 100 dollars. And now the defendant objects to this judgment, because the plaintiff’s account for 126 dollars, 49 cents, being admitted to be just in loto, and no part of the defendant’s set off being either proved or admitted, the sum really due to the plaintiff exceeded the justice’s jurisdiction, and was a subject matter upon which he could not pronounce judgment.
This, at first view, is a singular objection, as coming from the defendant. He acknowledges there is due 126 dollars, 49 cents, and yet he objects to a judgment for 100 dollars. Let us look at it.
The justice has cognizance of every case of a civil nature at law (except, &c.) where the balance or matter in dispute does not exceed 100 dollars. The plaintiff, in making out his account, is obliged to file his whole account as it exists in his book, and regularly this account ought to exhibit the credits or sums received upon it, and to shew the balance due, so that it may appear whether the case be within the jurisdiction of the justice, or not. But where there are mutual dealings, such credits are not to be expected. Matters of set-off are not properly speaking, credits; it is not in the ordinary course of keeping books to make them so. In this case, for instance, the plaintiff’s demand consists of an account of days’ work, done as a carpenter, and the defendant’s set off of a variety of items for different things charged at different times. These items were probably called for, or sent for, or otherwise furnished, as they were wanted, *without special agreement as to the price of each. They consist, in part, of charges for tobacco, soaling shoes, making shirts, boarding on blank days, *234 &c. and therefore could not, according to the common of doing business, be regularly entered as credits jn the plaintiff’s book. How then was the plaintiff to proceed ? He was obliged to exhibit his whole account; this account from the nature of the thing, could not carry ■with it the credits, or matters of set-off; and yet he knew there were such matters, and that the balance realty due to him did not exceed 100 dollars. He could not sue in the upper courts, but at the peril, nay at the certainty, of paying his own costs; he could not, from the nature of the thing, exhibit the defendant’s account against him, nor could he compel him to bring it forward and set it off at the trial.
The decisions on this subject, I believe, (without now looking into them) have gone so far as to say, that the plaintiff shall not go into a justice’s court for an account or demand, which upon the face of it exceeds 100 dollars, even though the summons or warrant be for a less sum; that he shall not reduc.e such demand by relinquishing a part of it, merely for the purpose of bringing it within the jurisdiction of that court, and thereby dejn’ive the defendant of his lawfql tribunal; and that all fictitious credits for the purpose of such reduction, shall be wholly disregarded. It would seem, therefore, that in all cases where the plaintiff’s account or other demand exceeds in the whole, 100 dollars, and there are matters of set-off to reduce it within that sum, it would be proper for him to aver expressly that the balance due does not exceed 100 dollars, and to pray judgment accordingly. But yet it has been adjudged, more than once, and I think upon sound principles, that .without such averment, if the defendant comes in and files an account by way of set-off, which leaves a balance less than 100 dollars, it is sufficient. It is an acknowledgment by the defendant, on record, that he has a set-off which brings the plaintiff’s demand within the jurisdiction of the court; and his refusing to prove it at the trial, as in this case, is nothing to the purpose. He has pleaded it, and the plaintiff by his mode of proceeding and his praying of judgment, has admitted it pro tanto.
*235 I think, therefore, that this judgment, upon precedent as well as upon principle, ought to be affirmed. ■
Judgment reversed.